UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                    Plaintiff,

        - v -

BEST CLOTHING MANUFACTURING,
INC., a/k/a NEW ERA KNITTING MILLS,
INC.,

                    Defendant.
------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

CV-02-5081 (ILG)(VVP)

This is an action brought by the Equal Employment Opportunity Commission ("EEOC") under Title VII on behalf of female employees of Best Clothing Manufacturing, Inc. ("Best Clothing") alleging that the defendant maintained a discriminatory dress code for women only. By order dated April 10, 2003, the Honorable I Leo Glasser adopted the undersigned's recommendation that a default be entered against the defendant. The matter has now been referred by Judge Glasser to the undersigned for a report and recommendation on the amount of damages, and any injunctive relief to be awarded to the plaintiff as against the defaulting defendant.

    *I.    Liability*

By virtue of the defendant's default, the well-pleaded allegations of the Complaint are deemed admitted, except as to the amount of the plaintiff's damages. *See, e.g.*, *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 113 S. Ct. 1049 (1993); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The allegations of the complaint are more than sufficient to establish the defendant's liability for violating Title VII, which makes it unlawful

for an employer "to fail or refuse to hire or to discharge an individual, or otherwise to discriminate against an individual with respect to his compensation, terms conditions, or privileges of employment, because of such individual's race, color, religion, sex or, national origin. . . ." *See* 42 U.S.C. § 2000e-2(a)(1).

The complaint establishes the following facts. Thirty days prior to the initiation of this action, Yolanda Simon ("Ms. Simon"), an employee of Best Clothing, filed a discrimination charge with the EEOC concerning defendant's violations of Title VII. *See* Complaint ¶ 7. Since at least June 2001, Best Clothing has engaged in unlawful employment practices by discriminating against female employees based on their gender. *Id* ¶ 8. Defendant has a dress code for females, but not for males, requiring sewing machine operators to wear long sleeve shirts with coverage to the neck in a hot factory, which adversely affects working conditions and equal employment opportunities. *Id.* The pleadings further establish that the unlawful practices by Best Clothing were intentional and were done with reckless disregard for the rights of female employees. *Id* ¶¶ 9-11. The discriminatory practices deprived Ms. Simon and other similarly situated employees of equal employment opportunities and adversely affected their employment because of their sex. *Id*. ¶ 9.

The allegations of the complaint also establish the defendant's liability for retaliating against employees who opposed the defendant's discriminatory practices which Title VII makes unlawful. *See* 42 U.S.C. § 2000e-3(a). In an action for retaliation a plaintiff must demonstrate that she opposed defendant's violation of Title VII , the defendant was aware of her opposition, the employer subsequently took action which adversely affected her employment, and the adverse action was

causally connected to plaintiff's opposition to defendant's unlawful activity. *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1308 (2d Cir.1995).

The court accepts as a fact the allegation that female employees were threatened with loss of pay and termination if they failed to comply with the dress code. *See* Complaint ¶ 8. The allegations of the complaint also establish that Ms. Simon was terminated immediately following her complaints to the defendant about the unlawful policy. *Id.* This constitutes clear retaliation in violation of Title VII. *See Tomka*, 66 F.3d at 1308-1309.

### II. *Damages*

Liability having been established, Section 706(g) of Title VII provides a series of equitable remedies, including back pay and compensatory damages, as well as injunctive relief to victims of discrimination. *See* 42 U.S.C. § 2000e-5(g). The goal of the remedies is to make the victims whole, or put them in the position they would have been but for the discriminatory practice. *Albermarle Paper Co. V. Moody*, 422 U.S. 405, 419 (1975).

Having provided notice to the defaulting defendant, the court may receive and rely on affidavits in lieu of holding an evidentiary hearing on the appropriate amount of damages to be awarded. *See, e.g., Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 11 (2d Cir. 1997) ("We have held that, under rule 55(b)(2), it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment."); *accord, Fustok v. ContiCommodity Serv., Inc.,* 873 F.2d 38, 40 (2d. Cir.1989); *Tamarin v. Adam Caterers, Inc.,* 13 F.3d 51, 54 (2d Cir.1993). There being no objection by any party to that procedure, the court has received and considered affidavits submitted by the plaintiff. The defendant

has made no submissions as to damages. The court concludes that the plaintiff's submissions provide a basis for the damages recommended below.

The uncontested affidavits submitted by the plaintiff establish that on June 1, 2001, Best Clothing enacted a dress-code that applied to women only. *See* Affidavit of Yolanda Simon ("Simon Affidavit") ¶ 2, and Affidavit of Esther Gutierrez ("Gutierrez Affidavit") ¶ 2. The code prohibited women from wearing low cut clothing and required women to wear blouses with sleeves that went below the elbow. *See* Simon Affidavit ¶ 2, Ex. 1. The code stated that women who were in violation would be sent home without pay. *See* Gutierrez Affidavit ¶ 2. Management checked the women daily to ensure compliance, and failure to abide by the policy did in fact result in women being sent home without pay. *See* Simon Affidavit ¶¶ 2, 6. Men, on the other hand, wore tank tops without fear of reprisal or loss of wages. *Id.* ¶ 3. The defendants never denied the existence, or substance, of the policy. *See* Gutierrez Affidavit ¶ 2. In fact, Abraham Weiss ("Weiss"), an upper-level manager, revealed to the EEOC that the defendant's believed the code to be appropriate and had drawn that conclusion based on information they had received from the New York State Department of Labor. *Id.*

### A.     *Back Pay for Simon*

The plaintiff is entitled to back pay for Ms. Simon resulting from her retaliatory termination. As a rule back pay is awarded in situations involving unlawful termination. *Carrero v. New York City Housing Authority*, 890 F.2d. 569, 580 (2d Cir. 1989). Back pay is awarded from the time that the discrimination occurred until employment is obtained with compensation at the same or higher rate of pay the victim was earning at the time of termination. *Franks v. Bowman Transportation, Co.,* 424

U.S. 747, 764 (1976). The party seeking back pay must demonstrate that she took steps to mitigate her damages. *Ford Motor Co. V. EEOC,* 458 U.S. 219 (1982).

At the time Ms. Simon was terminated from Best Clothing on June 22, 2001, she earned a weekly salary of approximately $205. *See* Simon Affidavit Ex. 3. Following her termination, Ms. Simon was able to find other employment but lost that position following September 11, 2001. *Id.* ¶ 8, Ex. 3. In subsequent months, after taking various training courses and applying for numerous positions, she was able to find steady employment. *Id.* Although Ms. Simon persistently sought employment and obtained several short-term positions, she was not able to find employment with comparable compensation until January 18, 2003. The plaintiff calculates that during this time period Ms. Simon lost wages of approximately $8,416. *See* Simon Aff. Ex. 3. However, during this same period Ms. Simon did apply for and receive $2,240 in unemployment benefits. *Id.* Subtracting these benefits so as to prevent a double recovery, the plaintiff should be awarded $6,176 in back pay for Ms. Simon.

### B. *Compensatory Damages*

The plaintiff seeks compensatory damages for Ms. Simon and other female employees similarly situated resulting from emotional stress and physical discomfort. 42 U.S.C. § 1981a(b)(3). Although the plaintiff has submitted an affidavit by Simon to support this request, the evidence concerning her emotional distress is limited. She recounts a single episode when she was reprimanded for not dressing in a manner which the defendants expected. *See* Simon Affidavit ¶ 4. Weiss gave her a note which read, "I know that you have a pretty body but do not exhibit it to me." *Id.* ¶ 4 and Ex. 2. The other specific instance of stress cited by Simon concerned her termination which occurred after she complained about the discriminatory enforcement of the code. *Id.* ¶ 5. Although Ms. Simon asserts that

her work environment caused a considerable amount of nervousness, stress, and anxiety *Id.* ¶ 7, the record is devoid of evidence of physical manifestations resulting from the stress.

The court has reviewed a number of employment discrimination cases with evidence of emotional distress similar to that offered by Ms. Simon, and in these cases the awards usually range from $5,000 to $30,000. *See Bick v. City of New York*, No. 95 Civ. 8781, 1998 WL 190283, at *25 (S.D.N.Y. Apr. 21, 1998). The evidence is normally limited to the plaintiff's own testimony describing the emotional distress, and little or no medical evidence is offered. *See, e.g., Fowler v. New York Transit Authority*, No. 96 Civ. 6796, 2001 WL 83228, at *13 (S.D.N.Y. Jan. 31, 2001). For example, in *Borja-Fierro v. Girozentrale Vienna Bank*, No. 91 Civ. 8743, 1994 WL 240360 (S.D.N.Y. May 27, 1994), which involved a plaintiff who was subject to retaliatory discharge, based on the scarce proof of emotional distress, the court concluded that an award of $15,000 was adequate. In another action with similar limited testimony of emotional distress in a discrimination action, the Second Circuit upheld the district court's finding of $15,000 in compensatory damages. *Cowan v. Prudential Insurance Co. of America*, 852 F.2d 688, 691 (2d Cir.1988). Therefore, the court concludes that an award of $15,000 in compensatory damages is appropriate for Ms. Simon.

The plaintiff also seeks compensatory damages for four other employees who were subject to the defendants' discriminatory dress code. Unlike the evidence submitted supporting Ms. Simon's damages claim, the request for compensatory damages for other female employees is not supported by affidavits given by the victims themselves, but rather is based on the observations and hearsay statements contained in the affidavits of Ms. Simon and Inspector Esther Gutierrez. Blanca Parades and Blanca Cordero, two sewing machine operators, were yelled at and threatened with termination for

wearing sleeveless blouses. *See* Gutierrez Affidavit ¶¶ 4, 7. Both women were harassed by management, and out of fear of termination always changed their clothing to be in compliance with the policy. *Id*.

Based upon these representations, Ms. Parades and Ms. Cordero should be awarded compensatory damages. Given the lack of direct evidence of emotional distress, however, the court concludes that the amount that should be awarded to Ms. Parades and Ms. Cordero is $2,500 each.

Two other female sewing machine operators, Marta Ponce and Carmen Cortez, aware of what had happened to Ms. Simon and other women, felt compelled to comply with the dress-code required by management and endure the oppressive working conditions. *See* Gutierrez Affidavit ¶¶ 5, 6. There is no evidence in the record, however, that either of these women were subjected to any other hostility by management like their female co-workers above. The court therefore recommends that they be awarded $1,000 each.

Finally, the plaintiff also seeks an award of $50,000 in compensatory damages to be distributed to all female sewing machine operators employees who were subject to the discriminatory dress code. *See* Affidavit of Robert Rose ("Rose Affidavit") ¶ 3. The plaintiff has not provided the court with a legal basis upon which this type of relief may be granted, nor is the court aware of any such authority, and the court therefore declines to recommend an award for such unsubstantiated damages to unidentified individuals.

### III. *Injunctive Relief*

Lastly, plaintiff requests that injunctive relief preventing the defendants from carrying out the discriminatory policy. *See* 42 U.S.C. § 2000e-5(g). Among the items of injunctive relief requested are

(1) implementation by the defendant of policies and procedures regarding discrimination, (2) training for defendant's employees in discrimination laws, (3) allowing the EEOC to monitor defendant's compliance with the court's order, and (4) requiring the defendant to submit periodic reports to the EEOC to ensure compliance. *See* Rose Affidavit, Ex. 2. As the plaintiff has established an ongoing pattern of discriminatory treatment of female employees, and as this injunctive relief is not unreasonable, the injunction should be granted.

### *IV.    Conclusion*

In accordance with the above considerations, the undersigned hereby **RECOMMENDS** that a judgment be entered in favor of the plaintiff against the defendant Best Clothing:

1. Awarding Yolanda Simon $6,176 for back pay and $15,000 in compensatory damages;

2. Awarding Blanca Cordero and Blanca Parades $2,000 each in compensatory damages;

3. Awarding Carmen Cortez and Marta Ponce $1,000 each in compensatory damages and;

4. That an injunction be entered against the defendant as set forth in Exhibit 2 to the Affidavit of Robert Rose.

\*        \*        \*        \*        \*        \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S.

Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

**Counsel for the plaintiff shall serve a copy of this Report and Recommendation on the defendant by regular mail and file proof of such service in the record.**

<u>  Viktor V. Pohorelsky  </u>
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:  Brooklyn, New York
March 11, 2005