UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                   Plaintiff,

  -against-                            MEMORANDUM AND ORDER
                                            02-CV-5081 (ILG)
BEST CLOTHING MANUFACTURING,
INC. a/k/a NEW ERA KNITTING MILLS,
INC.,

                   Defendant.
--------------------------------------------------x

GLASSER, United States District Judge:

## **BACKGROUND**

The Equal Employment Opportunity Commission ("plaintiff" or "EEOC") filed this Title VII action against defendant Best Clothing Manufacturing, Inc. a/k/a New Era Knitting Mills, Inc. ("defendant") on behalf of female employees, alleging that defendant discriminated against them on the basis of gender by maintaining a dress code that applied to women but not men. Defendant filed an answer to the complaint on November 18, 2002. On February 10, 2003, defendant's counsel filed a motion to withdraw from representation of defendant, which motion was granted. Defendant never retained new counsel. Accordingly, Magistrate Judge Viktor V. Pohorelsky issued a Report and Recommendation on March 25, 2003 recommending that defendant's answer be stricken and a default judgment entered against defendant. The Court issued an order dated April 10, 2003 adopting Magistrate Judge Pohorelsky's recommendation. The Court re-referred this case to Magistrate Judge Pohorelsky for a

1

determination of damages and injunctive relief, if any, that should be imposed against defendant. The Court has received Judge Pohorelsky's Report and Recommendation, dated March 11, 2005 (the "Report"), recommending that judgment in the amount of $21,176 be entered on behalf of Yolanda Simon; that judgment in the amount of $2,000 be entered on behalf of Blanca Cordero and Blanca Parades; that judgment in the amount of $1,000 be entered on behalf of Carmen Cortez and Marta Ponce; and that an injunction be entered against defendant on the terms proposed by plaintiff. Pursuant to Fed. R. Civ. P. 72, the parties had ten days in which to file objections to the Report. (Report at 8) (citing 28 U.S.C. § 636(b)(1) ("Failure to file objections within the specified time waives the right to appeal any judgment ... entered by the District Court"); Fed. R. Civ. P. 72(b)). The Court has received no objections to the March 11, 2005 Report.

As set forth below, the Court adopts the Report only in part.

I. **Standard of Review**

The consequences of failing to object to a report and recommendation are great; the Second Circuit has held that the "[f]ailure to timely object to a report generally waives any further judicial review of the findings contained in the report." Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000). In reviewing a Magistrate Judge's Report and Recommendation, the Court may adopt those sections of the report to which no objections have been made and which are not facially erroneous. See Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985); Hotchkiss v. Walsh, 2004 WL 2721943, at *1 (S.D.N.Y. Nov. 29, 2004). Therefore, the Court will excuse the failure to object to a Report and Recommendation only if it appears after reading the Report and Recommendation that the Magistrate Judge

committed plain error in ruling against the defaulting party. See Spence, 219 F.3d at 174; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."). By contrast, "[i]f either party objects to the magistrate judge's recommendations, a judge ... shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Tortora, 30 F.3d 334, 337 (2d Cir. 1994) (internal quotations omitted). Because no objections have been filed, the Court reviews the Report for plain error.

## II. The Court's Review of The Report

The Report awards three different types of damages: 1) back pay to Ms. Simon; 2) compensatory damages to five female employees, including Ms. Simon, resulting from their alleged emotional distress; and 3) injunctive relief. Regarding the findings relating to back pay and injunctive relief, the Court adopts them because they are supported in fact and law.

Regarding the award of compensatory damages, the Court distinguishes between the award granted to Ms. Simon and the other four employees whom the EEOC alleges were similarly situated to her. In awarding Ms. Simon $15,000 for her emotional distress resulting from the discrimination, Magistrate Judge Pohorelsky stated that he had "reviewed a number of employment discrimination cases with evidence of emotional distress similar to that offered by Ms. Simon, and in these cases the awards usually range from $5,000 to $30,000." (Report at 6, citations omitted). In reaching

his decision, Magistrate Judge Pohorelsky relied on, among other cases, Borja-Fierro v. Girozentrale Vienna Bank, 1994 WL 240360 (S.D.N.Y. May 27, 1994).  In that national-origin-discrimination case, the court reduced a $160,000 emotional distress award to $15,000, reasoning: "Plaintiff was the sole witness as to his mental anguish. His testimony on this point was brief, not particularly strong, and included a single reference to a visit to a psychologist 'because it really was a combination of the problem that I had in this previous job and also because of the [November 1991 car] accident.'" Id. at *3.  The evidence presented by Ms. Simon is similar to that found in Borja-Fierro. Specifically, Ms. Simon's evidence of emotional distress was "limited" in that she recounted "a single episode when she was reprimanded for not dressing in a manner which the defendants expected." (Report at 5).  Based on Borja-Fierro, the Court cannot conclude that the $15,000 compensatory damages award is "plain error."

The Report awards compensatory damages to four other female employees based on the hearsay testimony of either Ms. Simon or the EEOC investigator.  (Report at 6). The Report does not cite any case, and the Court has been unable to locate one, in which a prevailing party in a Title VII case has been awarded damages for alleged emotional distress where the employee failed to come forward with any competent proof of such damages.  The Court finds that there is no reason to depart from the general rule requiring parties bearing the burden of proof to sustain their burden of presenting competent evidence demonstrating compensatory damages.  Here, it was plaintiff's burden to submit competent evidence of the alleged emotional distress.  Yet, plaintiff failed to sustain its burden of proof because hearsay testimony – the sole evidence proffered of the emotional distress damages – cannot support a claim for such damages.

4

See, e.g., King v. Town of Wallkill, 302 F. Supp. 2d 279, 299-300 (S.D.N.Y. 2004) (on summary judgment motion, letter relied upon by plaintiff to prove amount of damages was inadmissible hearsay; letter was out-of-court statement offered to prove truth of matter asserted and was not subject to any of hearsay exceptions); see also Curbean v. Kibel, 12 A.D.3d 206, 784 N.Y.S.2d 518, 519 (1st Dep't 2004) (claims of emotional distress could not be supported by psychologist's hearsay testimony). This rule, moreover, should not be disregarded simply because the defendant has defaulted and has also failed to file objections to the Report. Accordingly, the Court does not grant compensatory damages to Blanca Cordero, Blanca Parades, Carmen Cortez and Marta Ponce, because such damages are not supported by admissible evidence, and therefore the Report's finding in this regard constitutes "plain error."

## CONCLUSION

The Court adopts the Report and Recommendation of Magistrate Judge Pohorelsky dated March 11, 2005 only in part. Accordingly, the Court enters judgment in favor of the Equal Employment Opportunity Commission against defendant Best Clothing Manufacturing, Inc. a/k/a New Era Knitting Mills, Inc. as follows: awarding Yolanda Simon $21,176.00, and granting the following injunctive relief as set forth more fully in the affidavit of Robert D. Rose: (1) requiring defendant to implement anti-discrimination policies and procedures; (2) training defendant's employees with respect to federal anti-discrimination laws; (3) allowing the EEOC to monitor defendant's compliance with the judgment; and (4) requiring defendant to submit periodic reports to the EEOC to ensure compliance with the judgment.

Counsel for plaintiff shall serve a copy of this Memorandum and Order on the

defendant by regular mail and electronically file proof of such service in the record.

After entering the judgment in this case, the Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: July 7, 2005
Brooklyn, New York

_____/s/_____
I. Leo Glasser
United States District Judge

Copies of the foregoing were sent on this day to:

Robert D. Rose
Senior Trial Attorney
United States Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004

Attorneys for Plaintiff