FILED
IN CLERK'S OFFICE
U.S. DISTRICT E.D.N.Y.
★ JUL 12 2005 ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

           Plaintiff,

  -against-

BEST CLOTHING MANUFACTURING,
INC. a/k/a NEW ERA KNITTING MILLS,
INC.,

           Defendant.
------------------------------------------------------------------X

JUDGMENT
02-CV- 5081 (ILG)

A Memorandum and Order of Honorable I. Leo Glasser, United States District Judge, having been filed on July 7, 2005, adopting in part the Report and Recommendation of Magistrate Judge Viktor V. Pohorelsky, dated March 11, 2005; and accordingly, the Court directs entry of judgment in favor of the Equal Employment Opportunity Commission against defendant Best Clothing Manufacturing, Inc. a/k/a New Era Knitting Mills, Inc., as follows: awarding Yolanda Simon $21,176.00, and granting the following injunctive relief as set forth more fully in the affidavit of Robert D. Rose: (1) requiring defendant to implement anti-discrimination policies and procedures; (2) training defendant's employees with respect to Federal anti-discrimination laws; (3) allowing the EEOC to monitor defendant's compliance with the judgment; (4) requiring defendant to submit periodic reports to the EEOC to ensure compliance with the judgment; and directing the Clerk of Court to enter judgment: it is

JUDGMENT
02-CV- 5081 (ILG)

ORDERED and ADJUDGED that the Report and Recommendation of Magistrate Judge Viktor V. Pohorelsky dated March 11, 2005 is adopted in part; and that judgment is hereby entered in favor of plaintiff, Equal Employment Opportunity Commission, and against defendant, Best Clothing Manufacturing, Inc. a/k/a New Era Knitting Mills, Inc., as follows: Yolanda Simon is awarded $21,176.00, and the following injunctive relief, as set forth more fully in the affidavit of Robert D. Rose, is granted: (1) requiring defendant to implement anti-discrimination policies and procedures; (2) training defendant's employees with respect to Federal anti-discrimination laws; (3) allowing the EEOC to monitor defendant's compliance with the judgment; and (4) requiring defendant to submit periodic reports to the EEOC to ensure compliance with the judgment.

Dated: Brooklyn, New York
July 08, 2005

ROBERT C. HEINEMANN
Clerk of Court